UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL G. LEVINE,

        Plaintiff,

   -vs-                              Case No. 13-C-498

JPMORGAN CHASE & CO.,

        Defendant.

---

## DECISION AND ORDER

---

Michael Levine alleges that JPMorgan Chase & Co. ("Chase") violated the Fair Credit Reporting Act with respect to his delinquent auto loan payments. Chase filed a motion to dismiss, which is technically moot in light of Levine's motion for leave to file a second amended complaint, although many of Chase's arguments apply to the proposed amendment. To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Obviously, leave to amend should be denied if the proposed amendment fails to state a claim. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted").

In the course of briefing these motions, Levine concedes that he cannot state a private cause of action under 15 U.S.C. § 1681s-2(a) (Duty of furnishers of information to provide accurate information). *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir.

2011).  Instead, Levine argues that his second amended complaint states a claim under § 1681s-2(b), which requires a furnisher of information to determine whether previously-reported information is "incomplete or inaccurate."  "In so mandating, Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading.  Courts have held that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression."  *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008).

Chase argues that its report was accurate because Levine was late on his payments.  § 1681s-2(a)(5) (Duty to provide notice of delinquency of accounts).  Levine does not dispute this, but he alleges that he forgot to make payments because Chase stopped sending him paper statements and he never got them via email.  Thus, Chase's report could be considered misleading to the extent that it fails to disclose a possible legitimate reason for Levine's delinquency.  *See, e.g., Shames-Yeakel v. Citizens Fin. Bank*, 677 F. Supp. 2d 994, 1005 (N.D. Ill. 2009) ("where a consumer has presented a lender with a colorable argument against liability, failure to note the dispute in any credit report may be 'misleading' and therefore 'incomplete or inaccurate' within the meaning of § 1681s-2(b)").  Chase argues that Levine waived "presentment, protest, demand and notice of dishonor" under the Credit Agreement, but this could be viewed as boilerplate language in a contract of adhesion.

- 2 -

Finally, Chase argues that Levine and his lawyer should be sanctioned because the first amended complaint is frivolous. Fed. R. Civ. P. 11(b)(3). As noted, Levine now concedes that he cannot state a § 1681s-2(a) claim, but Levine also attempted to state a § 1681s-2(b) claim. Chase argues that this claim, as it was pled in the first amended complaint, is insufficient because it does not allege that a credit reporting agency notified Chase of the credit dispute, as is required to state such a claim. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784 (W.D. Ky. 2003) (§ 1681s-2(b) "makes the furnisher's responsibilities contingent upon receiving 'notice pursuant to section 1681i(a)(2).' This means that a furnisher of credit information, such as [Chase], has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough"). A complaint is not frivolous simply because it fails to state a claim or is inartfully pled. *See, e.g., Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Chase's motion to dismiss [ECF No. 3] is **DENIED**;

2. Chase's motion for sanctions [ECF No. 8] is **DENIED**;

- 3 -

Case 2:13-cv-00498-RTR   Filed 10/22/13   Page 3 of 5   Document 18

3. Levine's motion for leave to file a second amended complaint [ECF No. 14] is **GRANTED**;

4. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **December 17, 2013** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

5. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

6. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

7. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

8. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at

- 4 -

least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

9. The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2013.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 5 -

Case 2:13-cv-00498-RTR   Filed 10/22/13   Page 5 of 5   Document 18