UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL G. LEVINE,

    Plaintiff,

v.                                                            Case No. 13-CV-498

JPMORGAN CHASE BANK, N.A.,           (Hon. Rudolph T. Randa)

    Defendant.

**JPMORGAN CHASE BANK, N.A.S BRIEF IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES, SANCTIONS AND COSTS**

## INTRODUCTION

Michael Levine ("Levine" or the "Plaintiff") and his lawyer filed this lawsuit initially in state court without an understanding that there is no private right to action for alleged mistakes on a credit report under 15 U.S.C. § 1681s-2(a), the Fair Credit Reporting Act ("FCRA"). After Chase moved to dismiss, he sought leave to file a Second Amended Complaint and tried 15 U.S.C. § 1681s-2(b). This court has already concluded he has no case and invited the instant motion because he litigated in bad faith or with the purpose of harassment.

As further evidence of Levine's bad faith, and improper purpose, Chase points the court to Levine's repeated arguments and sworn testimony claiming that Chase was responsible for a decline in his credit score that lead U.S. Bank to deny him credit. That was an untenable position from the start, contradicted by the first Complaint he filed in state court that named Chase *and* Sun Trust Mortgage as defendants under the same theory that a delinquent payment report caused him damage. Levine then settled with Sun Trust and made a "confidential" cash

1

payment.  Sun Trust was thus not named in the Second Amended Complaint.  Levine then turned to Chase but changed his theory to argue that his credit report was clean prior to Chase's credit bureau reports so it must have been Chase, and Chase alone, that damaged him.  The conclusion to glean from these underlying facts is that Levine persisted with this case against Chase to extract a settlement.  That is precisely the type of opportunistic behavior that 15 U.S.C. § 1681n(c) and Rule 11 was meant to address.  Levine – a lawyer – should have known better.

### FACTS

As the state court docket reflects, Levine filed a Summons and Complaint against JPMorgan Chase & Co. and SunTrust Bank in the Circuit Court for Milwaukee County on January 11, 2013, asserting multiple state-law-based claims for breach of contract and in tort. (Dkt. # 1-1 at 1, 4–7.)[1]  Chase moved to dismiss the complaint and sought attorneys' fees as sanctions for filing frivolous claims on the basis that Levine wrongly asserted he was not liable under a Credit Sale Agreement for the purchase of an automobile and denying that Chase had any liability for reporting delinquent payments to the credit bureaus. (Dkt. #9-1).[2]  Levine then settled with Sun Trust.  (Decl. of Christopher E. Nyenhuis, Ex. A).

Levine responded to Chase's motion in state court by filing an Amended Complaint on April 19, 2013, alleging a single claim, purportedly under 15 U.S.C. § 1681s-2(a), that Chase violated the Fair Credit Reporting Act by reporting delinquent payments on the auto loan to the credit bureaus as to him personally. (Dkt. # 1-1 at 20.)  Chase removed the Amended Complaint to this Court asserting federal question jurisdiction over the allegations in the Amended Complaint and moved to dismiss. (Dkt. # 1.)  This court granted Levine leave to file a Second

---

[1] The page references to docket entries correspond to the page number of the docket entry, not the page number of that particular document.  Attached to Chase's motion for ease of reference is a true and correct copy of the state court complaint.

[2] Docket No. 9-1 is a reference to the Affidavit of Counsel filed June 11, 2013 in support of Chase's motion for sanctions.

2

Amended Complaint alleging a claim under 15 U.S.C. § 1681s-2(b), and denied Chase's motion as moot.

On May 30, 2014, Chase served a draft Motion for Sanctions on Levine providing notice that (1) the Second Amended Complaint asserted a frivolous FCRA claim; and, (2) there is no evidentiary support for Levine's contention that he did not receive notice that he was personally liable under the Credit Sale Agreement such that payment delinquencies would be reflected on his credit report. (*See* Decl. of Christopher E. Nyenhuis ("Decl. of Nyenhuis") Ex. B.). Levine did not withdraw or correct the Amended Complaint within 21 days after service. The Court subsequently granted Chase's motion for summary judgment on July 8, 2014. Chase now requests an award of its attorneys' fees and costs under the FCRA and as a sanction under Rule 11.

## ARGUMENTS

### I. LEVINE'S CLAIMS WERE FILED IN BAD FAITH OR FOR PURPOSES OF HARASSMENT WARRANTING AN AWARD OF ATTORNEY FEES TO CHASE.

Levine invoked federal law in his Second Amended Complaint by specifically asserting a claim under FCRA. As set forth in Chase's brief in support of its Motion for Summary Judgment (Dkt. # 27, filed 05/21/14), Levine has no evidence to support his claim. The purpose of his claim was to harass Chase into settling his case. The FCRA allows for an award of attorneys' fees under these circumstances. *See* 15 U.S.C. § 1681n(c); *Tally v. U.S. Depart. of Agriculture*, 595 F.3d 754, (7th Cir. 2010).

The Court may infer bad faith and an improper purpose behind persistent litigation without evidence. *Bicklery v. Dish Network, LLC*, 751 F.3d 724, 734 (6th Cir. 2014) (noting, in an FCRA case, that plaintiff's suit and subsequent motion practice and appeal could have been intended for the "improper purpose" of "extort[ing] settlement money"). The Court may also

3

draw this conclusion directly from the circumstances that a party persisted with a baseless claim for the improper purpose of extracting a monetary settlement where no money was due. *See id*.; *Colliton v. Cravath, Swaine & Moore LLP,* Case No. 08 Civ 0400, 2008 U.S. Dist. LEXIS 74388, *39 (S.D.N.Y Sept. 24, 2008) ("Not only are plaintiff's claims frivolous, it is clear that they are intended at least in part to harass Cravath and its clients, and possibly also intended to extort a settlement."). Either theory fits this case: Levine had no evidence, made a half-hearted attempt to discover any, settled out Sun Trust but persisted with litigation against Chase. As the Second Circuit wrote "Courts look with disfavor on this sort of unfounded spite action. ***When the litigant is an attorney, sanctions are particularly appropriate.***" *Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986) (emphasis added).

## II.  LEVINE AND HIS ATTORNEY VIOLATED RULE 11(B)(3) BY ASSERTING FACTUAL CONTENTIONS THAT HAVE NO EVIDENTIARY SUPPORT.

A failure to make reasonable inquiry under the circumstances into the evidentiary basis for a claim violates Rule 11(b)(3). *See City of Livonia v. Boeing*, 711 F.3d 754, 762 (7th Cir. 2013). Asserting factual contentions without evidentiary support subjects both the attorney making such contentions and his client to sanctions under Rule 11. *See* Rule 11(c)(1); *see also Byrne v. Nazhat*, 261 F.3d 1075, 1117–18 (11th Cir. 2001) (typically sanctions are levied against a client when he misrepresents facts in the pleadings). Here, Levine makes frivolous factual assertions.

First, Levine claimed he had no notice that Chase would report delinquent payments to the credit bureaus such that it would affect his personal credit score. Chase however established it sent Levine a "Welcome Packet" and monthly invoices – addressed to him *and* his company with FCRA notices. Levine offered no contrary admissible evidence. (*E.g.* Levine Aff., p. 2, ¶ 5).

4

Levine also alleged in the Second Amended Complaint, and then clung to the frivolous position in his Response Brief, that he did not sign the Credit Sale Agreement individually. (Resp. Br. p. 20). Apparent from the Agreement, however, he signed his name twice: individually and on behalf of the Next Generation Real Estate, Inc. (*See* Dkt. # 5-2, filed in support of Chase's Motion to Dismiss.) Further, the vehicle he purchased pursuant to the Agreement was titled in the name of ***both*** New Generation and Michael Levine, evincing, yet again, that he is bound individually under the Agreement. (Dkt. # 5-2 at 1, § 1.) Levine has not so much as a counter-argument to dispute Chase's contention here.

Levine next alleged he cannot be held jointly and severally liable under the Credit Sale Agreement. Section 7 of the Agreement, however, specifically states that the payment "obligations are joint and several." (Dkt. # 5-2 at 1, § 7). There is simply no basis for Levine to hold to these factual contentions that are contrary to the plain terms of the Credit Sale Agreement that he signed. He made these unsupported allegations in the Complaint and then, after Chase alleged they were frivolous (and provided him and his lawyer with another copy of the Agreement), he reasserted the same allegations in the Amended Complaint, Second Amended Complaint and in response to Chase's motion for summary judgment. As a result, Michael Levine, individually, and jointly with plaintiff's counsel, may be subject to sanctions pursuant to Rule 11(b)(3).

### III. THE ATTORNEYS' FEES AND LITIGATION COSTS THAT CHASE SEEKS REIMBURSEMENT FOR HERE WERE REASONABLE.

#### A. The Hourly Rates and Hours Expended Were Reasonable.

As reflected in the invoices attached to the Declaration of Counsel filed in support of this motion, the attorney fees and costs Chase incurred were reasonably necessary to defend this case. Chase's attorney discounted the standard hourly rate charged by Michael Best significantly. For

5

Case 2:13-cv-00498-RTR   Filed 08/01/14   Page 5 of 8   Document 40

example, the undersigned's standard hourly rate is now $495.00 per hour; the rate charged to Chase on this matter was $367.00 per hour. Chris Nyenhuis also worked on the case at an hourly rate of $203 per hour; his standard hourly rate is $275.00. Standard rates are set in a competitive legal market based on rates charged by firms of similar size. (Decl. of Counsel, ¶ 6). Thus, the below-market hourly rate Michael Best charged Chase in this case was reasonable.

Further, the hours expended were reasonable. Initial drafting of pleadings and much of the legal research and filing assignments were appropriately down-streamed to associate level attorneys with even lower billable hour rates. Michael Best devoted reasonable hours over nine (9) months to defend the Second Amended Complaint and seek summary judgment. Last, and perhaps most important, Chase Bank has paid all but the most recent attorney fee invoices, making them presumptively reasonable. *See Cintas v. Perry,* 517 F.3d 459, 469-70 (7th Cir. 2008) ("the best evidence of whether attorneys' fees are reasonable is whether a party has paid them"). Chase, therefore, respectfully requests an award of attorneys' fees and costs in the amount of $80,293.70.

### B. An Award Of Attorneys' Fees And Litigation Costs To Chase Is Appropriate.

Chase should not be burdened with paying any defense costs whatsoever to defend the Second Amended Complaint. An award of sanctions here will thus serve the dual purpose of deterrence and restitution under Rule 11. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). That an award fulfills the Rule 11 purpose of restitution is obvious: Chase has no liability and should therefore bear no costs. The purpose of deterrence, without overcompensating Chase, may also be fulfilled by an award of attorneys' fees. That is, Levine had multiple opportunities to end this case early on. Chase also notes that counsel for Chase first called Plaintiff's counsel on February 7, 2013 and requested that he voluntarily dismiss Chase

6

from the case; he declined. (Dkt. # 9(2); Lundgren Aff., p. 1, ¶ 2). The undersigned counsel also served a draft Rule 11 motion prior to this Court's decision and order, but Levine responded only by continuing to litigate. (Decl. of Nyenhuis, Ex. B).

Further, there are no non-frivolous claims in this case that would warrant allocating or parsing the fee request. *See Divane* 319 F.3d at 315 ("If a plaintiff files a baseless single-count complaint, it is fairly simple for a district court deciding upon an award of attorney's fees as a Rule 11 sanction to determine which fees resulted from the plaintiff's conduct: they are those that the defendant spent answering the complaint and defending against it.") Chase notes for the Court however that it has submitted its request for fees incurred *only subsequent* to this Court's ruling granting Levine leave to file the Second Amended Complaint. An award of all the reasonable attorneys' fees and litigation costs that Chase requests is, therefore, a measured sanction under Rule 11(c).

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its Motion for Attorney Fees and Sanctions and award it the attorneys' fees and costs incurred in this case pursuant to 15 U.S.C. 1681n(c) and Rule 11(c)(1) and (4). Further, because Levine did not withdraw his Second Amended Complaint within 21 days despite notice Chase provided pursuant to Rule 11, Chase requests an award of its attorneys' fees against both Levine and the Law Offices of Robert Levine pursuant to Rule 11(b)(2), jointly and severally.

Dated at Milwaukee, Wisconsin this 1st day of August, 2013.

        **MICHAEL BEST & FRIEDRICH LLP**

        By: s/Christopher E. Nyenhuis
           John D. Finerty, Jr., SBN 1018183
           jdfinerty@michaelbest.com
           Christopher E. Nyenhuis, SBN 1076044
           cenyenhuis@michaelbest.com
           100 E. Wisconsin Avenue, Suite 3300
           Milwaukee, WI 53202
           Telephone: (414) 271-6560
           Fax: (414) 277-0656

        Attorneys for Defendant
        JPMorgan Chase Bank, N.A.

012176-0330\15348303.1

8

Case 2:13-cv-00498-RTR   Filed 08/01/14   Page 8 of 8   Document 40