# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL G. LEVINE

    Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.
a foreign corporation,

    Defendant.

Case No. 13 CV 0498

(Hon. Rudolph T. Randa)

## PLAINTIFF MICHAEL G. LEVINE'S BRIEF IN OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR ATTORNEYS' FEES, SANCTIONS AND COSTS

### INTRODUCTION

    In his Second Amended Complaint, the plaintiff, Michael G. Levine (hereafter "Levine") alleged that JP Morgan Chase Bank, N.A. (hereafter "Chase") breached the terms of the Credit Sale Agreement by notifying the credit bureaus of payment delinquencies and violated 15 U.S.C. § 1681s-2(b) by negligently performing its duties to reasonably investigate his disputes, to review the information provided by the consumer reporting agencies, to report the results of any investigation to the consumer reporting agencies, to reinvestigate the dispute by Levine, and to modify, delete or block the reporting of the disputed information. Via its Decision and Order dated July 8, 2014, the Court granted Chase's Motion for Summary Judgment and held that Chase's procedures were reasonable on their face and no genuine issues of material fact existed.

    Chase now moves the Court for an award of Attorneys' fees, sanctions and costs in the unreasonable and unnecessary amounts of $80,293.70 in attorneys' fees and another

1

$1,423.85 in costs. Rule 11 is meant to deter future similar conduct, not shift fees. Additionally, Levine's Second Amended Complaint was not filed in bad faith or with the purpose to harass Chase. Further, he has not advanced frivolous arguments or made unsupported factual contentions. For those reasons, Chase is not entitled to an award for Attorneys' fees, sanctions or costs, and its Motion must be denied. Levine requests that the Court, at its discretion, grant oral arguments on this Motion pursuant to Civil L. R. 7(b) regarding whether or not any fees should be awarded and if so, the amount of fees requested by Chase. Levine believes oral arguments would aid the Court in deciding Chase's Motion and requests the opportunity to be heard before the Court makes any ruling.

**ARGUMENTS**

**I.      THE PURPOSE OF RULE 11 IS DETERRENCE, NOT FEE SHIFTING**

Chase argues that an award of attorneys' fees fulfills the "dual purpose of deterrence and restitution under Rule 11." (Def. Brief p. 6). However, the purpose of Rule 11, as explained in subsection (c)(4) is to deter future similar conduct. see also, *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). The Court may impose flat sanctions, strike offensive pleadings, or direct the offending party to pay reasonable attorney's fees. *Id.* However, Rule 11 is not a fee shifting statute, and if it were, it would have the tendency to overcompensate the opponent, which is exactly what Chase hopes the Court will do. *Id.* Chase wants the entirety of its fees shifted to Levine, but Rule 11 was never meant to be utilized in that manner, as is clear by its plain language. Further, Levine and his counsel have good reputations in the legal community. There is no need to deter future conduct on

their part by awarding attorneys' fees to Chase. For those reasons, the Court should deny Chase's Motion.

## II. CHASE IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES, SANCTIONS OR COSTS BECAUSE LEVINE'S CLAIMS WERE NOT FILED IN BAD FAITH OR WITH THE PURPOSE TO HARASS CHASE.

In support of its Motion, Chase moves for attorneys' fees under 15 U.S.C. § 1681n(c). The Statute allows the Court to grant *reasonable* (emphasis added) attorney's fees when it finds that an unsuccessful pleading was filed in bad faith or with the purpose of harassing another party. *Id.* However, a court's discretion in granting sanctions should be used with caution and restraint. *Schmude v. Sheahan,* 420 F.3d 645, 650 (7th Cir. 2005). There can be no such award in this case. Chase does not cite any cases where a creditor has been granted attorneys' fees under 15 U.S.C. § 1681n(c) based upon a court's finding that a consumer engaged in bad faith or harassment, which is evidence of how sparingly courts have utilized 15 U.S.C. § 1681n(c) for that purpose.

Despite Chase's argument, *Bickley v. Dish Network, LLC,* 751 F.3d 724 (6th Cir. 2014) does not state that courts may infer bad faith. The court states that whether Bickley engaged in impermissible conduct is not before it, and therefore, there is no analysis in that regard. *Id.* at 734. In fact, in *Bickley*, the district court dismissed Dish Network's bad faith claim under the FCRA. *Id.* at 733-734. The Seventh Circuit has held that a moving party must show "subjective bad faith" to be entitled attorney's fees for such conduct. *Gieringer v. Silverman*, 731 F.2d 1272, 1281 (7th Cir. 1984); *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1167 (7th Cir. 1983). In *Gierginger*, the court stated, "[t]he mere fact that the plaintiffs hoped that their suit would result in payment to them . . . does not establish subjective bad faith." *Id*. at 1282 Chase cannot establish subjective bad faith by Levine

because there was none. Chase wants the Court to "infer" that Levine acted in bad faith, which is improper under the standard set forth in *Gierginer* and *Badillo.*

Levine's goal was not to extract a monetary settlement from Chase but rather, to correct the blot on his credit report which resulted from Chase's reporting to the credit bureaus. The substantial lowering of his credit score prevented him from refinancing a real estate mortgage, when he had made nearly three years of payments on the subject auto loan to Chase.

Chase further alleges that "Levine had no evidence, made a half-hearted attempt to discover any, settled out Sun Trust but persisted with litigation against Chase." (Def. Brief p. 4). The first two assertions are incorrect, and the third has no bearing on the Chase's pending motion. Levine has evidence to support his claim. The Credit Sale Agreement from July 2009 **does not contain any provision allowing Chase or any other party to report anything to the credit bureaus**. (emphasis added) In fact, it never mentions the credit bureaus. At the time the contract was signed, Levine was not told that payment delinquencies would be reported to the credit bureaus or on his personal credit report. He was told nothing with regard to credit reporting, and Chase acknowledges as much. (Def. Brief p. 4). Chase, however, contends that it sent a "Welcome Packet" to Levine accompanying the first monthly statement in September 2009. *Id.* Chase alleges that the "Welcome Packet" and monthly statements advised Levine that it would report to the credit bureaus. *Id.* If Chase wanted a consumer to know that he was subject to its credit reporting policies, why not tell him in the contract? Chase has not cited any case law in this motion or its Motion for Summary Judgment establishing that it does not need to include its credit reporting policies and FCRA notices within the contract. It is simple contract law

4

that the parties to a contract are bound by its terms and conditions. Essentially, Chase unilaterally decided to alter the terms of the contract by sending a "Welcome Packet" two months after the contract was signed, which nobody ever reads, and later by disclosing on the monthly statements that it would report delinquencies to the credit bureaus. Levine, or any other borrower for that matter, does not have an ability to opt out of the contract at the time of signing if he is not advised of Chase's terms and policies regarding credit reporting in the contract. He further does not have the ability to shop around and search for another lender with different credit reporting policies because he does not know Chase's policies. Chase responded to this argument in its Reply Brief by stating that credit reporting is heavily regulated. The simple fact is that no FCRA disclosures or provisions were included in the Credit Sale Agreement. It is certainly not frivolous or in bad faith for Levine to argue that those terms must be included in the contract for them to apply to his dealings with Chase.

      Chase also fails to account for the fact that Levine's credit reports with the three credit bureaus still do not match. As set forth in Levine's Affidavit filed in Opposition to Chase's Motion for Summary Judgment, Equifax and TransUnion showed the delinquencies in October and November 2012, while Experian showed the same delinquencies as occurring in November and December 2012. ¶ 11. This raises questions about the manner in which Chase reported the delinquencies to the credit bureaus and what steps Chase took in investigating Levine's disputes.

      In response to four different dispute types coded 106, 008, 109, and 110 from the credit reporting agencies, Chase conducted the same review of Levine's account information. Chase is required to perform an investigation that was tailored to the dispute

5

codes received from the credit reporting agencies. Chase's employees testified that they verified the information that was already provided to the credit reporting agencies in response to all four dispute codes. Chase did not conduct a "detailed inquiry or systematic examination" into Levine's disputes to the credit reporting agencies.

Finally, Chase's allegation that Levine "made a half-hearted attempt to discover" any evidence is patently false. In December 2013, Levine sent Chase eight Interrogatories, seven Requests for Admission, and six Requests for Production. Then, on two separate dates in February and May, Levine deposed two Chase employees at Chase's offices in Garden City, New York. This can hardly be described as a "half-hearted attempt" to discover any evidence. On the other hand, Levine's discovery requests of Chase are certainly not harassing. If Levine's goal were to harass Chase into settlement, as alleged by Chase in this motion, he would have done much more discovery and motion filing, and Chase would have undoubtedly taken exception to that as well. The Court should take note that Levine did not file any bad faith, harassing or frivolous motions. In fact, Levine did not file any motions after the filing of the Second Amended Complaint. All of the subsequent motions were filed by Chase. Levine's conduct in this action was not done in bad faith or with the purpose of harassing Chase into settlement, despite Chase's arguments to the contrary. For those reasons, Chase is not entitled to reasonable attorneys' fees under 15 U.S.C. § 1681n(c), and Chase's Motion should be denied.

### III. LEVINE AND HIS COUNSEL HAVE NOT ASSERTED ERRONEOUS FACTUAL CONTENTIONS AND THEREFORE, THEY HAVE NOT VIOLATED RULE 11(B)(3).

Chase also argues that Levine violated Rule 11(b)(3) by making factual allegations without evidentiary support. Namely, Chase contends that "Levine claimed he had no notice that Chase would report delinquent payments to the credit bureaus such that it

6
Case 2:13-cv-00498-RTR   Filed 08/20/14   Page 6 of 10   Document 43

would affect his personal credit score." (Def. Brief p. 4). As explained in the previous section of this brief, the Credit Sale Agreement from July 2009 does not contain any provision relating to credit reporting or the FCRA. It does not indicate that Chase would report delinquencies on Levine's personal credit report. There is no dispute about that. Levine has no recollection or record of receiving a "Welcome Packet" from Chase in or around September 2009. Why would anyone assume that a "welcome packet" would change the terms and conditions of the contract or pertain to credit reporting? These are not erroneous factual assertions; they are the facts.

Per Chase, the "Welcome Packet" and monthly statements provided the FCRA disclosures to Levine. This does not change the fact that Chase's intent to report on Levine's credit was not part of the agreement for which Levine initially bargained. Why would a consumer assume that subsequent mailings after the signing of a contract and after taking possession of the financed vehicle would add or alter the terms of the initial contract? The fact that the Court ruled in Chase's favor on summary judgment does not mean that Levine's factual assertions were erroneous. The imposition of sanctions must be divorced from the ultimate disposition of the underlying action. *R.K. Harp Inv. Corp. v. McQuade*, 825 F.2d 1101, 1103 (7th Cir. 1987).

Chase also argues that Levine "clung to the frivolous position in his Response Brief that he did not sign the Credit Sale Agreement individually." (Def. Brief p. 5). It cites page 20 of Levine's Response Brief in support of this statement. *Id.* However, page 20 contains no such argument. In fact, it states "[u]nder the terms, Next Generation and Levine were to make 54 monthly payments of $538.01 each." The remaining portion of that section of Levine's Response Brief discusses the lack of a credit reporting provision in the Credit Sale

7

Agreement, and the "Welcome Packet" Chase sent to Levine. Nowhere in the Response Brief or other pleadings is Levine advancing frivolous factual positions. Therefore, Levine has not violated Rule 11(b)(3), and Chase's Motion must be denied.

### IV. CHASE'S REQUEST FOR ATTORNEYS' FEES, SANCTIONS AND COSTS ARE UNREASONABLE, NOT NECESSARILY INCURRED, AND NOT WARRANTED UNDER RULE 11.

As previously indicated, Chase requests $80,293.70 in attorneys' fees and $1,423.85 in costs. Both figures are unreasonable and were not necessarily incurred in defense of this action. A cursory review by the Court of Chase's counsels' invoices and billings for this case should clearly show that they are outrageous and unreasonable. Michael Best, Chase's counsel, contends that it spent over 246 hours on this case from October 2013 to July 2014. At forty hours per week, Michael Best is claiming that its attorneys worked over six weeks on this case during a ten month span. This is not a complex case.

Michael Best contends that its attorneys spent 129.8 hours drafting Chase's Motion for Summary Judgment and reply brief. That is more than three weeks of attorney billing between May 2014 and June 27, 2014, when Chase's Reply Brief was filed with the Court. Such a claim for fees is unconscionable. In addition, many of Chase's arguments in support of its Motion for Summary Judgment had been previously researched and briefed in Chase's Motion to Dismiss filed with the Court on May 3, 2013 and Chase's Brief in Opposition to Plaintiff's Motion for Leave to File A Second Amended Complaint filed with the Court on July 19, 2013. It is unreasonable and unnecessary for Michael Best or any law firm to have spent in excess of 129 hours preparing its Motion for Summary Judgment, based upon its previous pleadings which used many of the same facts and arguments. This case is not that complicated. Levine respectfully requests that if the Court grants Chase attorneys' fees, the

Court carefully scrutinize the reasonableness of Michael Best's bills and hours spent on this case.

Another indication of the totally unreasonable and unnecessary nature of Michael Best's requested fees is shown in its invoices for preparing this motion. Counsel alleges that it spent 30.5 hours drafting and filing this motion, resulting in additional attorneys' fees of $11,045.90. The filing includes a motion, a brief, and two declarations from Attorneys Finerty and Nyenhuis. Most of the arguments in the brief regarding Rule 11(B)(2), Rule 11(B)(3), and the reasonableness of the fees charged are the same arguments Chase made in its previous Motion for Sanctions filed with the Court on June 11, 2013. The Motion and Declarations appear to be boilerplate forms that Michael Best has probably used in previous filings. Michael Best is claiming an additional $11,045.90 in attorneys' fees for filing this motion, which is unreasonable and not necessary given the amount of work required to prepare the above documents. Accordingly, the attorneys' fees and costs requested by Chase are totally unreasonable, and if the Court grants any fees in Chase's favor, it must be in a reasonable amount pursuant to 15 U.S.C. § 1681n(c) and Rule 11.

## V. LEVINE REQUESTS THAT THE COURT ALLOW ORAL ARGUMENTS PURSUANT TO CIVIL L. R. 7(B).

Pursuant to Civil L. R. 7(b), the Court may grant oral arguments at its discretion. Levine respectfully requests that prior to entering any order regarding this motion the Court grant oral arguments to the parties. As explained above, Chase's motion should be denied because Levine has not engaged in bad faith, harassment or the filing of frivolous pleadings. Further, Chase and its counsel have requested attorneys' fees in exorbitant amounts. Levine believes oral arguments would benefit the Court in analyzing this motion

and allow the Court to inquire into the reasonableness and necessity of the fees being requested.

## **CONCLUSION**

For the preceding reasons, Chase is not entitled to any Attorneys' fees, sanctions or costs against Levine, and the Court should deny the Motion.

Dated at Milwaukee, Wisconsin this 20th day of August, 2014

LAW OFFICES OF ROBERT A. LEVINE
Attorneys for Plaintiff

By: /s/ Robert A. Levine
Robert A. Levine
State Bar No. 1011965

P.O. ADDRESS
111 E. Wisconsin Ave. Ste. 1710
Milwaukee, WI 53202
414-271-9585
rlevine@rlevinelaw.com