# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL G. LEVINE,**

        Plaintiff,

    **-vs-**
                         **Case No. 13-C-498**

**JPMORGAN CHASE & CO.,**

        Defendant.

---

## DECISION AND ORDER

---

In this action, Michael Levine alleged that JPMorgan Chase & Co. failed to conduct a reasonable investigation into alleged credit report inaccuracies in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. On July 8, 2014, the Court granted Chase's motion for summary judgment. In closing, the Court took note of Chase's intention to file a motion for attorney's fees under § 1681n(c). Thus, the Court held the case open in anticipation of such a motion, which is now before the Court for consideration. Chase argues that it is entitled to a joint and several award of $80,293.70 in fees plus $1,423.85 in costs against the plaintiff and his attorney, Robert Levine.

The FCRA provides that upon a "finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of

harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." § 1681n(c). There is little, if any, appellate case law interpreting this provision, but various district courts have noted that "bad faith" requires a showing that the plaintiff either subjectively acted in bad faith — knowing that he had no viable claim — or filed an action that was frivolous, unreasonable or without foundation. *See, e.g., Smith v. HM Wallace, Inc.*, No. 08-22372-CIV, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009); *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2001). Thus, fees can be awarded under this section if the plaintiff either subjectively knew or objectively should have known his action was without basis, as in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), which held that a defendant in a Title VII action can recover attorney's fees from the plaintiff upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421; *see also Ryan* at *5 (citing *Christiansburg*).

Courts have held that § 1681n(c) authorizes an award of attorney's fees only against a party, not that party's counsel. *Smith*, 2009 WL

- 2 -

3179539, at *2 (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, at *19 (E.D. Mich. Nov. 13, 2008); *Lewis v. Trans Union LLC*, No. 04 C 6550, 2006 WL 2861059, at *3 (N.D. Ill. Sept. 29, 2006)). Thus, Chase alternatively moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure, which allows the Court to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Such a sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). When an attorney and client "share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability." *Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003).

This action was initially filed on January 11, 2013 in Milwaukee County Circuit Court. In the initial complaint, Levine sued Chase and SunTrust Bank, alleging multiple state-law claims for breach of contract and in tort. Chase moved to dismiss and for attorney's fees, arguing that Levine wrongly asserted he was not liable under the Credit Sale Agreement and denying that Chase had any liability for reporting

- 3 -

delinquent payments to the credit bureaus. Levine then settled with SunTrust.

In response to the motion to dismiss, Levine filed an amended complaint on April 19, 2013, alleging a single claim under § 1681s-2(a) of the FCRA. Chase removed to federal court, moved to dismiss, and moved for sanctions. In response, Levine moved for leave to file a *second* amended complaint. By amending his complaint a second time, Levine conceded that he could not state a claim under § 1681s-2(a). *See Lang v. TCF Nat'l Bank*, 338 Fed. App'x 541, 544 (7th Cir. 2009) (no private right of action to enforce a bank's duties under § 1681s-2(a) to furnish accurate information to a reporting agency; only the FTC can initiate a suit under that section). Instead, Levine pled a claim under § 1681s-2(b), which requires a furnisher of information (such as Chase) to determine whether previously-reported information is "incomplete or inaccurate." The Court denied Chase's motion to dismiss and granted Levine's motion for leave to file a second amended complaint. The Court also denied the motion for sanctions, a motion that was directed at the first amended complaint, not the second. 2014 WL 5745050; ECF No. 18.

On May 30, 2014, nine days after Chase moved for summary

judgment, Chase served a draft motion for sanctions on Levine's attorney. Fed. R. Civ. P. 11(c)(2). In its proposed motion, Chase argued that the second amended complaint asserted a frivolous FCRA claim, and also that there was no evidentiary support for Levine's contention that he did not receive notice that he was personally liable under the Credit Sale Agreement such that payment delinquencies would be reflected on his credit report. Levine, of course, did not withdraw the second amended complaint. Chase now argues that it is entitled to the fees and costs that it incurred as a result of the second amended complaint.

In granting Chase's motion for summary judgment, and in reference to Chase's forthcoming motion for attorney's fees, the Court wrote that it "stretched pretty far to find a plausible claim in Levine's various pleadings, but as it turns out, Levine has no case. Indeed, the summary judgment record strongly suggests that Levine's animosity towards Chase blinded him to the reality that he has no one to blame but himself for his delinquent car payments." 2014 WL 3353250, at *5 (E.D. Wis. July 8, 2014); ECF No. 38, Decision and Order, at 10. The crux of Levine's complaint is that he "relied upon Chase's 'custom and practice' of sending monthly statements as a reminder that prompted him to make his monthly

- 5 -

payment." *Id.* at *3. This was the sole basis for Levine's "dispute" of the debt that Chase reported to the various credit bureaus. In this manner, the Court previously construed Levine's complaint to state an actionable claim because "Chase's report could be considered misleading to the extent that it fails to disclose a possible legitimate reason for Levine's delinquency." October 22, 2013 Decision and Order, at 2. As it turns out, and as Levine undoubtedly knew, this defense is not a "legitimate reason" for his own delinquency. Thus, the duty to correct under § 1681s-2(b) was not and never could have been triggered in this instance. July 8, 2014 Decision and Order, at 9 ("Chase's report is not rendered 'incomplete or inaccurate' by virtue of Levine's disingenuous dispute"). The Court may infer bad faith under these circumstances. *Mayle v. Equifax Info. Servs., Inc.*, 2006 WL 398076, at *2 (N.D. Ill. Feb. 14, 2006) (awarding fees under § 1681n(c) where a plaintiff had documentation in her possession that directly contradicted her claims).

   This finding is further bolstered by Levine's course of conduct in these proceedings. Levine's attempt to state an actionable claim finally landed on § 1681s-2(b), but this seems to have been merely by way of process of elimination as opposed to a reasoned analysis. Indeed, once the

- 6 -

case got past the pleading stage, Levine did not depose the credit specialists who investigated his complaint. This is likely because he knew, as the Court observed, that there could be nothing unreasonable about a procedure that validated an accurate report to the credit bureaus. Levine claims that he pursued this claim to correct his credit report, not as leverage to extract a settlement, but Levine either knew or should have known all along that there was nothing to correct, at least insofar as Chase was required to do anything more than what it actually did: provide a notation that the debt was "disputed" by Levine. The Court concurs with Chase that Levine, himself an attorney, should have known better. *Cf. Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986) ("Courts look with disfavor on this sort of unfounded spite action. When the litigant is an attorney sanctions are particularly appropriate, . . .").

Chase also argues for sanctions under Rule 11. As an initial matter, the Court finds that sanctions are appropriate under Rule 11(b)(2), which provides that by "presenting to the court a pleading, written motion, or other paper," an attorney "certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "claims, defenses, and other legal contentions are

- 7 -

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The test under Rule 11 is objective. *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) ("empty head but a pure heart is no defense"). Levine's attorney[1] should have known that his position in this litigation was groundless. *Cuna Mut. Ins. Soc. v. Office & Prof. Empl. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006).

Finally, Levine made a series of incorrect factual assertions over the course of this litigation, including: (1) that he had no notice that Chase would report delinquent payments to the credit bureaus; (2) that he did not sign the Credit Sale Agreement in his individual capacity; and (3) that there is no joint and several liability pursuant to the Credit Sale Agreement. Accordingly, sanctions are also appropriate under Rule 11(b)(3), which requires a certification that a pleading's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, . . ."

---

[1] The Court makes the distinction here between Michael Levine (the plaintiff, who is an attorney) and Levine's attorney in this case, Robert Levine, because monetary sanctions cannot be imposed upon a represented party for violation of Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A).

- 8 -

As for the fee award, Chase requests a fee award for the total hours billed subsequent to the filing of the second amended complaint on October 22, 2013. During that time period, Chase's attorneys billed 246.7 hours for the following categories: (1) analyzed and answered the second amended complaint (2.4 hours); (2) prepared a Rule 26 report, after multiple conferences with opposing counsel, and attended one court hearing via telephone (8.6); (3) conducted general research on Levine's account, payment history, direct and indirect complaints and FCRA requirements (6.2); (4) produced Rule 26 disclosures, four supplemental disclosures, responses to requests for documents, answers to interrogatories, conducted plaintiff's deposition and defended two other depositions (69.2); (5) prepared a motion for summary judgment, affidavits, brief in support, proposed findings of fact and conclusions of law, reply brief and response to plaintiff's proposed findings of fact and conclusions of law (129.8); and (6) compiled legal invoices, reviewed for privilege, drafted the instant motion and supporting brief and affidavits (30.5). Chase's attorneys billed Chase at less than their standard hourly rates.[2] Importantly, Chase has paid all

---

[2] John Finerty billed Chase at $367.00/hour, while his standard hourly rate is $495.00. Chris Nyenhuis billed Chase at $203.00/hour; his standard hourly rate is $275.00.

but the most recent invoices, which counsel expects Chase to pay in due course. *Cintas v. Perry*, 517 F.3d 459, 469-70 (7th Cir. 2008) ("the best evidence of whether attorneys' fees are reasonable is whether a party has paid them").

The Court has reviewed the invoices submitted by counsel for Chase and finds that the number of hours billed by counsel were reasonable. Similarly, the Court easily finds that counsel's below-market hourly rates in this matter are reasonable. Again, Chase requests only those fees that it incurred in relation to the second amended complaint. Thus, Chase will be awarded "only those fees which directly resulted from the sanctionable conduct. This ensures that the proponent of a sanctionable position ultimately pays the costs resulting from it, serving a dual purpose of deterrence and restitution, while avoiding blanket fee-shifting, which would have the tendency to overcompensate the opponent and penalize the proponent." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). The requested costs are also reasonable.

**\*\*\***

Chase's motion for attorneys' fees, sanctions and costs [ECF No. 39] is **GRANTED**. The Clerk of Court is directed to enter judgment in

accordance with the Court's July 8, 2014 Decision and Order granting Chase's motion for summary judgment. ECF No. 38. The judgment should include an award of $80,293.70 in fees plus $1,423.85 in costs in favor of Chase.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2014.

BY THE COURT:

HON. RUDOLPH T. RANDA
U.S. District Judge