UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL G. LEVINE,

        Plaintiff,　　　　　　　　　　　　　　Case No. 13-CV-0498

vs.　　　　　　　　　　　　　　　　　　　　　Appeal No. 14-3192

JPMORGAN CHASE BANK, N.A.　　　　　　　　(Hon. Rudolph T. Randa)

        Defendant.

**MOTION FOR INDICATIVE RULING THAT THIS COURT WOULD VACATE AND SET ASIDE THE JUDGMENT OF LEVINE IF THE CASE WERE REMANDED**

    The Plaintiff, Michael G. Levine (hereafter "Levine"), moves the Court, pursuant to Federal Rules of Civil Procedure 60(b) and 62.1(a)(3) for an indicative ruling advising the Seventh Circuit Court of Appeals that this court is inclined to vacate and set aside the judgment entered on September 5, 2014 pursuant to the settlement agreement reached between the parties on October 29, 2014, in an Appellate Rule 33 mandatory settlement conference.

    In support of this Motion, Levine states as follows:

**Procedural History**

    On January 11, 2013, Levine commenced this action against Chase in state court. On May 3, 2013, the case was removed to federal court. (Dkt. No. 1) By way of the Second Amended Complaint filed with the court on April 22, 2013, Levine alleged that Chase committed various violations of 15 U.S.C. § 1681s-2(b). (Dkt. No. 19) After discovery was completed, Chase filed a Motion for Summary Judgment with the court on May 21, 2014 alleging that no genuine issues of material fact remained and that it was entitled to judgment as a matter of law. (Dkt. No. 26) Chase's Motion also included a request for attorney's fees and costs against Levine pursuant to Fed. R. Civ. P. 11(3)(b) and 15 U.S.C. § 1681(c). After briefing by the

parties, the Court granted Chase's Motion for Summary Judgment on July 8, 2014 but held open Chase's request for attorney's fees and costs for further briefing. (Dkt. No. 38)

On August 1, 2014, Chase filed its Motion for Attorney's Fees, Sanctions and Costs with the Court. (Dkt. No. 39) After another round of briefing by the parties, the Court granted Chase's request for such fees and costs by way of an Order and Judgment dated September 5, 2014. (Dkt. No. 46-47) The Court entered judgment against Levine in the total amount of $81,717.55. Dkt. 47) Levine then filed his Notice of Appeal on October 3, 2013, and the appeal was docketed by the Seventh Circuit Court of Appeals on October 7, 2014 under appeal number 14-3192. (Dkt. No. 48)

The Court of Appeals ordered the parties to participate in a mandatory settlement conference pursuant to Fed. R. App. P. 33. On October 29, 2014, the parties participated in a telephone settlement conference with Rocco J. Spagna, a staff attorney for the Seventh Circuit Settlement Conference Program. After significant negotiations, the parties were able to reach an agreement to resolve payment of the judgment. The court of appeals then stayed briefing.

The Settlement Agreement provides for payment to Chase by Levine of a sum of money, which Levine deposited into Chase's counsel's trust account on November 7, 2014 as a condition precedent to Chase's stipulation to this motion (the "Settlement Funds"). The Settlement Agreement also requires, as a condition of the settlement and not pursuing the appeal, that the judgment against Levine be vacated and set aside. If this Court grants this motion and later vacates the judgment, upon notice to Chase's counsel that the Court has vacated the judgment, counsel for Chase may immediately release the Settlement Funds to Chase without further order of the Court or notice to Levine, and Levine will effectuate dismissal or withdrawal of the

appeal. Vacating the judgment, however, will not affect any other decisions, rulings, or orders of this Court in this case.

This motion is not opposed. This Court, however, lacks jurisdiction in this case while on appeal. Levine, therefore, requests (and Chase does not oppose) that this court enter an indicative ruling that it will vacate and set aside the judgment entered against Levine on September 5, 2014 if the case is remanded from the Court of Appeals.

**Argument**

Pursuant to Fed. R. Civ. P. 60(b) the district court has the authority to relieve a party from a final judgment when applying the judgment is no longer equitable or for any other reason that justifies relief. The catch-all set forth in Rule 60(b)(6) allows courts to vacate judgments whenever necessary to accomplish justice. *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). Further, a court has discretion to vacate a judgment without having to find an exceptional circumstance exists. *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003-04 (7th Cir. 2007).

Both equitable interests of the private parties, Levine and Chase, and the public interests favor vacating and setting aside the judgment in this case. An important aspect of the settlement reached by the parties in this case was Chase agreeing to join Levine in this motion to vacate and set aside its judgment against Levine. The private interests of the parties will be served by vacating and setting aside the judgment because neither party will be forced to incur the substantial fees and costs necessary in pursuing an appeal. Further, Levine was seeking to have the Court of Appeals reverse this court's decisions with regards to both Chase's Motion for Summary Judgment and Chase's Request for Attorney's Fees, Sanctions and Costs. This

settlement will finalize the case without further risk of litigation or uncertainty to either of the parties.

Chase will receive a sum certain from Levine in short order rather than having to wait during the significant time it will take to adjudicate the appeal. Further, Chase will not need to enforce its judgment, which will only take further time and resources. Levine will be able to pay a sum certain to Chase without having a judgment outstanding against him. Levine will also be able to pay a compromised amount rather than the full amount of the Judgment entered against him.

Public interests will also be served by vacating and setting aside the Judgment against Levine because it will save significant judicial resources at the Court of Appeals by terminating the appeal before the filing of any appellate briefs or a hearing on oral arguments. The settlement is a quick resolution for the Court of Appeals. The settlement will also ensure that the district court does not use any more of its resources on the case aside from issuing an order vacating and setting aside the Judgment of September 5, 2014.

## Conclusion

In light of the interests set forth above, Levine requests that the Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a)(3) advising the Court of Appeals that it would be inclined to vacate and set aside its Judgment against Levine entered on September 5, 2014 because the parties have reached a mutually agreeable and beneficial settlement.

Upon issuance of such an indicative ruling, Levine will move the Court of Appeals to remand the case to this court.

Dated this 11th day of November, 2014.

| | |
|---|---|
| LAW OFFICES OF ROBERT A. LEVINE<br>Attorneys for Plaintiff | MICHAEL BEST & FRIEDRICH, LLP<br>Attorney for Defendant |
| By: /s/ Robert A. Levine<br>Robert A. Levine<br>State Bar No. 1011965<br>111 E. Wisconsin Ave. Ste. 1710<br>Milwaukee, WI 53202<br>Telephone: (414) 271-9585<br>Facsimile: (414) 271-8506 | By: /s/ John D. Finerty, Jr.<br>John D. Finerty, Jr.<br>State Bar No. 1018183<br>Christopher E. Nyenhuis<br>State Bar No. 1076044<br>100 E. Wisconsin Ave., Suite 3300<br>Milwaukee, WI 53202<br>Telephone: (414) 271-6560<br>Facsimile: (414) 277-0656 |